**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: )<br>)<br>EQUIPMENT ACQUISITION )<br>RESOURCES, INC. )<br>)<br>      Debtor. )<br>_____)<br>)<br>WILLIAM A. BRANDT, JR., not )<br>individually but solely in his capacity as Plan )<br>Administrator for EQUIPMENT )<br>ACQUISITION RESOURCES, INC., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>HORSESHOE HAMMOND, LLC, a/k/a )<br>HORSESHOE CASINO HAMMOND, )<br>)<br>      Defendant. ) | Case No. 09 B 39937<br><br><br><br><br><br><br><br><br>Case No. 12-cv-00271<br><br>Hon. Edmond E. Chang |

## MOTION FOR SUMMARY JUDGMENT

      Horseshoe Hammond, LLC ("Horseshoe"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois, hereby moves for entry of an order awarding summary judgment to Horseshoe. In support of his motion, Horseshoe submits herewith a Memorandum Of Law In Support Of Motion For Summary Judgment (the "Memorandum").

      1.     William A. Brandt, Jr., as Plan Administrator for Equipment Acquisition Resources ("Brandt"), has sued Horseshoe to recover $8,278,000 in alleged fraudulent transfers (the "Payments") that Brandt contends Equipment Acquisition Resources ("EAR"), the debtor in the underlying chapter 11 case, made to Sheldon Player and Donna Malone. Brandt's theory of recovery is that Player and Malone subsequently transferred the fraudulently conveyed property

they received from EAR to Horseshoe in satisfaction of obligations that Player and Malone owed to Horseshoe.

2. To prevail on his claim, Brandt must prove: (1) that EAR made fraudulent transfers to Player and Malone that may be avoided under 11 U.S.C. §§ 544 or 548; (2) that the property transferred to Player and Malone was subsequently transferred to Horseshoe; and (3) that Horseshoe did *not* take the transfers it received for value, in good faith and without knowledge of the avoidability of the transfers. See 11 U.S.C. §§550(a), (b).

3. As set forth in the Memorandum, the undisputed facts show that Horseshoe accepted the Payments identified in Counts I-III of Brandt's Complaint from Player and Malone for value, in good faith, and without knowledge of their voidability. Accordingly, Horseshoe has a complete defense to Brandt's Complaint under Section 550(b)(1) of the Bankruptcy Code.

4. Horseshoe is also entitled to summary judgment with respect to $1,609,117.00 of the Payments because Brandt's expert cannot trace those payments from EAR to Horseshoe.

5. Finally, Brandt has conceded in his discovery responses that Horseshoe accepted the Payments for value and without knowledge of their voidability. Accordingly, if the Court concludes that there is an issue of fact regarding Horseshoe's good faith (and for the reasons set forth in the Memorandum, the Court should not so find), Horseshoe requests that the Court enter partial summary judgment finding that Horseshoe has proven these two elements of its Section 550(b)(1) defense.

WHEREFORE, for the reasons set forth in his Memorandum, Horseshoe respectfully requests that this Court grant Horseshoe's Motion for Summary Judgment and grant such other relief as may be just.

Dated: August 23, 2013

Respectfully submitted,

HORSESHOE HAMMOND, LLC

By: /s/ *Catherine Steege*
     One of its attorneys

Catherine Steege (06183529)
Melissa Hinds (06288246)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60611-7603
PH: (312) 222-9350
FAX: (312) 527-0484